IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH - CENTRAL DIVISION

| | |
|---|---|
| ALLEN WOLFSON,<br><br>     Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br>SECURITIES AND EXCHANGE<br>COMMISSION, RICHARD CLAYTON,<br>HOLLAND & HART LLP, et al.,<br><br><br>     Defendants. | **ORDER ADOPTING REPORT<br>AND RECOMMENDATION**<br><br>Case Nos. 2:06-CV-421<br>          2:06-CV-422<br>          2:06-CV-435<br>          2:06-CV-966<br>          2:06-CV-994<br>          2:07-CV-219<br><br>Judge Dee Benson |

     Plaintiff Allen Wolfson, proceeding in forma pauperis, filed the above-captioned cases

against the Securities and Exchange Commission ("the SEC"), Richard Clayton, Holland & Hart

LLP, and others, claiming that they illegally seized and liquidated certain of his assets in

violation of the Fifth Amendment of the United States Constitution.  The court referred the cases

to United States Magistrate Judge Paul Warner pursuant to 28 U.S.C. § 636(b)(1)(B).  On

October 16, 2008, Magistrate Judge Warner issued his Report and Recommendation

recommending that the cases be dismissed, for which Plaintiff filed a timely objection.  Having

reviewed all relevant materials, the court issues the following Opinion and Order.

## INTRODUCTION

     In 2003, the SEC commenced a civil enforcement action charging numerous corporate

and individual defendants, including Plaintiff's son, David Wolfson, with violating certain

federal securities laws.  In an effort to bring the enforcement action to a resolution, the court

appointed Richard D. Clayton to act as a Receiver, giving him broad powers to preserve, take control of, and liquidate the property of each of the defendants for the benefit of the defrauded investors.  Subsequently, the SEC obtained consent judgments from many of the defendants, including David Wolfson, and seized and liquidated all assets for which the defendants had control or ownership.

In each of the cases before the court, Plaintiff argues that certain of the assets that were attributed by the SEC to David Wolfson, and were thus seized and liquidated by the SEC, in fact belong to him.  Plaintiff contends that the seizure and liquidation of these assets is a violation of his constitutional rights under the Fifth Amendment, and requests that these assets either be returned to him or that he be compensated for their taking.  Plaintiff also contends that he was the victim of wrongful prosecution, a conspiracy to commit such, and ineffective assistance of counsel in his underlying criminal conviction in New York.

## ANALYSIS

Whenever the court authorizes a party to proceed without the prepayment of fees under the in forma pauperis statute, the court is required to "dismiss the case at any time if the court determines that" the case (A) "fails to state a claim on which relief may be granted" or (B) "is frivolous or malicious."  28 U.S.C. § 1915(e)(2)(B)(i)-(ii).  Magistrate Judge Warner determined that Plaintiff's claims founder on both grounds.  Report & Recommendation, No. 2:06-CV-421, Dkt. No. 32 (Oct. 16, 2008).

## I.      Failure to State a Claim

In making his claim of ownership to the assets at issue, Plaintiff makes the same bald assertions that the court in the underlying SEC enforcement action found lacking.  *See Sec. &*

*Exch. Comm'n v. Wolfson*, No. 2:03-CV-914, Dkt. No. 801 (D. Utah March 28, 2008).  Before filing the present actions, Plaintiff sought to intervene in the SEC enforcement action, arguing, as he does here, that he is the sole owner of certain assets that were seized by the SEC and held by the Receiver as assets of David Wolfson, Plaintiff's son.  Plaintiff contends that although his son was given power of attorney over these assets in order to manage them while Plaintiff was in prison, he was never given control or ownership over them.

The district judge in the underlying SEC enforcement action, after analyzing Plaintiff's claim and reviewing the evidence in the record, determined that the assets at issue were properly included in the receivership because they were assets under the control and ownership of David Wolfson.  *Id*. at 5.  On appeal, the Tenth Circuit affirmed, finding that "David Wolfson assumed control and purported ownership of the operations, accounts, and assets of [Plaintiff's purported] [a]ssets," which "[h]e then used as a conduit for money stolen from investors."  *In re SEC*, No. 08-4073, 2008 WL 4566384, at *2 (10th Cir. Oct. 8, 2008) (unpublished opinion).

In issuing his Report and Recommendation, Magistrate Judge Warner properly took judicial notice of these prior decisions, *see, e.g., Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S.Ct. 2499, 2509 (2007), and concluded that Plaintiff's "allegations concerning the purported improper seizure and sale of the Assets in the SEC Action do not 'plausibly support . . . legal claim[s] for relief.'" Report & Recommendation, at 11, No. 2:06-CV-42, Dkt. No. 32 (Oct. 16, 2008) (citing *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007)).

The court agrees.  In filing these actions, Plaintiff has simply rehashed the same failing arguments.  The record in the underlying enforcement action is clear that the assets at issue were under the control and ownership of David Wolfson and were thus properly included in the

receivership.[1]  Accordingly, Plaintiff "fails to state a claim on which relief can be granted."  28 U.S.C. § 1915(e)(2)(B)(I).

With regard to Plaintiff's claims of wrongful prosecution, conspiracy, and ineffective assistance of counsel as related to his criminal conviction in New York, the court likewise adopts the magistrate judge's recommendation to dismiss these claims.  Again, Plaintiff has not provided any well-pleaded factual allegations to show the existence of a conspiracy or to demonstrate any wrongdoing on the part of the prosecutors in question.  Furthermore, any claim of ineffective assistance of counsel must be brought pursuant to 28 U.S.C. § 2255, and this court is an improper venue for such a petition.

## II.    Frivolousness

The United States Supreme Court has construed the term "frivolous" within the context of the in forma pauperis statute by stating that

> a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or fact. . . . [The in forma pauperis statute]'s term "frivolous," when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation.

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Plaintiff has consistently asserted that all adverse actions taken against him are the direct result of an overarching conspiracy involving, among others, the United States of America, the SEC, the Receiver Richard Clayton, Holland & Hart LLP, two prosecutors in New York, his attorneys in New York, and thirteen NFL football teams. These factual allegations clearly "rise to the level of the irrational or the wholly incredible,"

---

[1]Although Plaintiff may have a claim to a portion of the funds from these assets, that claim must be made with the Receiver.  *See In re SEC*, No. 08-4073, 2008 WL 4566384, at *2 (10th Cir. Oct. 8, 2008) (unpublished opinion).

*Denton v. Hernandez*, 504 U.S. 25, 33 (1992), and pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) must

be dismissed as frivolous.

## CONCLUSION

Based on the foregoing, the court ADOPTS the magistrate judge's Report and

Recommendation recommending that the above-captioned cases be dismissed under the in forma

pauperis statute. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). Accordingly, the above-caption cases are

DISMISSED.

IT IS SO ORDERED.

DATED this 15th day of November, 2008.

_____
Dee Benson
United States District Judge

5